UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,  )<br>) <br>Plaintiff,                                            )<br>)<br>v.                                                          )<br>)<br>JOHN L. THRESHIE, JR.,                      )<br>)<br>Defendant.                                        )  | Civil Action No. |

# COMPLAINT

Plaintiff Securities and Exchange Commission (the "Commission") alleges the following against defendant John L. Threshie, Jr. ("Threshie"):

## I. SUMMARY

1. This case involves the unregistered offering and sale of securities in a Connecticut-based company called Tirex Corporation ("Tirex") by Threshie, the Chief Executive Officer ("CEO") of Tirex, in violation of the registration provisions of the federal securities laws.

2. Since 2006, Defendant has offered and sold hundreds of millions of shares of Tirex stock to at least ninety-four individuals in at least nine states. Defendant's offers and sales of Tirex securities were not covered by registration statements filed or in effect with the Commission or an applicable exemption, as required by the applicable securities laws.

3. As a result of this conduct, Defendant has directly and indirectly violated, and unless restrained and enjoined will continue to violate, Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§77e(a) and (c)].

4. The Commission brings this action pursuant to its authority under Section 20 of the Securities Act [15 U.S.C. §77t(b)] and seeks an order:

 a. finding that the Defendant violated the securities registration provisions of the federal securities laws;

 b. permanently restraining and enjoining Defendant from committing future violations of Sections 5(a) and 5(c) of the Securities Act;

 c. barring Defendant from participating in a penny stock offering;

 d. prohibiting Defendant from participating in unregistered securities offerings except for purchases or sales of securities listed on a national securities exchange for his own account;

 e. prohibiting Defendant from directly or indirectly soliciting or accepting funds or anything of value from any person to whom he provides or has provided any information about Tirex without first providing such person with a copy of a) the Commission's filed complaint against him, b) any judgment that the Commission obtains against him in this matter, and c) the Commission's November 12, 2015 Order of Suspension of Trading in Tirex stock;

 f. ordering disgorgement and prejudgment interest from Defendant; and

 g. ordering Defendant to pay civil penalties.

## II. JURISDICTION AND VENUE

5. The Commission seeks injunctions and disgorgement pursuant to Section 20(b) of the Securities Act [15 U.S.C. §77t(b)] and Section 21(d)(5) of the Securities Exchange Act of 1934 [15 U.S.C. §78u(d)(5)]. The Commission seeks the imposition of civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)]. The Commission seeks a penny stock bar pursuant to Section 20(g) of the Securities Act [15 U.S. Code §77t(g)].

6. This Court has jurisdiction over this action pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)].

7. Venue lies in this Court pursuant to Section 22(a) of the Securities Act [15 U.S.C. §77v(a)]. Tirex's principal place of business and Threshie's residence are in Wilton, Connecticut, which is within this district.

8. In connection with the transactions, acts, practices, and courses of business described in this Complaint, the Defendant has directly and indirectly made use of the means and instruments of transportation or communication in interstate commerce or of the mails to sell or to offer to sell the securities of Tirex.

## III. DEFENDANT

9. John L. Threshie, Jr. is an individual residing in Wilton, Connecticut. Threshie has been the President and CEO of Tirex since 1999 and is currently its only full-time employee.

## IV. FACTUAL ALLEGATIONS

10. Tirex is in the business of marketing what it describes as a patented, environmentally friendly tire recycling technology (the "TCS system") that purportedly reduces scrap tires into saleable rubber crumb, steel wire, and fiber by freezing the rubber and breaking the tires apart.

11. Tirex's securities, under ticker symbol "TXMC" were previously quoted on OTC Link (formerly "Pink Sheets"), operated by OTC Markets Group, Inc. It has registered offerings of common stock with the Commission under the Securities Act. The securities transactions that are the subject of this complaint were not registered with the Commission.

12. Threshie is the CEO and only full-time employee of Tirex. He has been the President and CEO of Tirex since 1999 and has been affiliated with Tirex since 1995.

13. Despite having attempted to sell or license the TCS system since at least 1993, Tirex has never built or operated a commercial TCS system and has never successfully monetized its technology. It no longer has any functioning equipment or other tangible assets and is in extremely poor financial condition. Tirex's only current business function is searching for a business partner to secure financing for and build a TCS system.

14. Threshie has regularly emailed existing investors describing Tirex's purported progress toward selling a TCS system. Some emails encouraged the recipients to invest more money. Some emails also asked that the recipient share Threshie's invitation to purchase securities with anyone the investor knew who might be interested in investing.

15. For example, in an October 28, 2015 email, Threshie lists expenses he needs to pay immediately, states if these expenses are not covered he will need to work elsewhere putting Tirex in "do or die situation," and urges, "[t]ell your investor friends (and you) I'll go as low as .0002/share – eg: $500 = 2.5M shares! Personal checks okay[.]"

16. In a February, 1, 2014 email to investors addressed as "friends of Tirex," Threshie announces that the Brazilian government has approved a project related to a TCS contract and asks, "[p]lease refer to me any investors interested in purchasing shares direct from Tirex so I can keep this thing moving forward!!"

17. In a November 6, 2013 email to investors, Threshie forwarded email correspondence with Tirex's business partner and a consultant, writing, "[a]s you can see below we are moving closer to a TCS sales [sic] in Brazil. … I realize some of you have put in more than your share, however, pass the news along to new investors…"

18. In a November 13, 2007 email to investors, Threshie wrote, "Many of you have generously contributed and we understand you may wish to remain at your current level.  We would appreciate it, however, if you would approach any new investors you know of that may be interested.  If you've got investors offer them Tirex @ 1/2 cent/share and to contact me directly."

19. Certain of the Commission's securities registration rules allow for the sale of unregistered securities if the investors in the securities offering meet the standards for being an "accredited investor" with a certain level of income or net worth or a "sophisticated investor" with sufficient knowledge and experience in financial and business matters to make them capable of evaluating the merits and risks of the prospective investment.

20. In soliciting investments or otherwise offering for sale unregistered securities, Threshie did not ask prospective investors for financial information about themselves or take any other steps to determine whether they are accredited or sophisticated investors before accepting their payments.  At least two investors are unaccredited.

21. Since at least 2006, Threshie has been selling securities in Tirex pursuant to a letter agreement he provides to investors at the time of their investment.  The letter agreement states that in exchange for payment, shares of Tirex stock will be issued when Tirex effects a share authorization.

22. The letter agreements with investors were on Tirex letterhead and signed by Threshie as President and CEO of Tirex.

23. Threshie typically transmitted signed copies of the letter agreement through email. Investors typically returned countersigned copies to Threshie through email.

24. According to Tirex's audited and unaudited financial statements for fiscal years 2006 through 2015, Tirex's proceeds from sales of securities to ninety-four private investors located in nine different states via letter agreements totaled almost $572,000 (Tirex's fiscal year runs from July 1 through June 30). For the remainder of calendar year 2015 through March of 2016, Tirex received an additional $10,000 from nine private investors as documented in the letter agreements. The total amount Threshie has raised in unregistered securities offerings since 2005 is $581,815.00. No registration statement is on file or in effect with respect to these sales.

25. Between January 2013 and March 2016 alone, Threshie sold about 464 million shares of Tirex stock via letter agreements.

26. No registration statement is on file or in effect with respect to, and no exemption applies to, the transactions alleged in paragraphs 1 through 25.

## V. CLAIM FOR RELIEF
### Unregistered Offer and Sale of Securities
### (Violations of Sections 5(a) and 5(c) of the Securities Act)

27. The Commission restates and incorporates by reference paragraphs 1 through 26 above.

28. Threshie, by engaging in the conduct described above, directly or indirectly made use of the means or instruments of transportation or communication in interstate commerce, or of the mails, to offer to sell or to sell securities, or carried or caused to be carried through the mails or in interstate commerce, by means or instruments of transportation, securities for the purpose of sale or for delivery after sale, when no registration statement had been filed or was in effect as to such securities, and when no exemption from registration was applicable.

29. By engaging in the conduct described above, Threshie violated, and unless restrained and enjoined, is reasonably likely to continue to violate, Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§77e(a) and (c)].

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that the Court:

    A.    Issue findings of fact and conclusions of law that Threshie committed the alleged violations.

    B.    Enter a permanent injunction enjoining Threshie from directly or indirectly:

        1.    Violating Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and (c);

        2.    Participating in the offer or sale of any security in an unregistered offering, except for purchases or sales of securities listed on a national securities exchange for his own account; and

        3.    Soliciting or accepting funds or anything of value from any person to whom he provides or has provided any information about Tirex without first providing such person with a copy of a) the Commission's filed complaint against Threshie, b) any judgment that the Commission obtains against Threshie in this matter, and c) the Commission's November 12, 2015 Order of Suspension of Trading in Tirex stock.

    C.    Order that Threshie be barred from participating in an offering of penny stock, pursuant to Section 20(g) of the Securities Act.

    D.    Order that Threshie disgorge all ill-gotten gains, including prejudgment and post-judgment interest, resulting from the violations alleged herein.

    E.    Order Threshie to pay civil penalties under Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d).

    F.    Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders

and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

  G. Grant such other and further relief as this Court may determine to be just and necessary.

        Respectfully submitted,

        **SECURITIES AND EXCHANGE COMMISSION**

        By its attorneys,

        /s/ Frank C. Huntington_____
        Frank Huntington  (Mass. Bar No. 544045)
         Senior Trial Counsel
        Alicia M. Reed  (N.Y. Bar No. 3914596)
         Counsel
        Jennifer Cardello  (Mass. Bar No. 657253)
         Counsel
        Martin F. Healey  (Mass. Bar. No. 227550)
         Senior Trial Counsel
        Boston Regional Office
        33 Arch Street, 24th Floor
        Boston, MA  02110
        (617) 573-8960  (Huntington direct)
        (617) 573-4590  (fax)
        HuntingtonF@sec.gov (Huntington email)

        *Local Counsel*:
        John B. Hughes (Fed. Bar No. CT 05289)
        Assistant United States Attorney
        Chief, Civil Division
        United States Attorney's Office
        Connecticut Financial Center
        157 Church Street, 23rd Floor
        New Haven, CT  06510
        (203) 821-3700
        (203) 773-5373 (fax)

Dated: December 21, 2016